UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| **Donald J Proctor** | : | |
| **Lori Renee Proctor** | : | CASE NO. 09-43852-mgd |
|     Debtor. | : | |
| _____ | : | JUDGE: Diehl |
| | : | |
| **Donald J Proctor** | : | |
| **Lori Renee Proctor** | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | ADVERSARY NO. _____ |
| | : | |
| **C.A.S.H. Corp.,** | : | |
| **D/b/a Credit Cars** | : | |
| | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

## **COMPLAINT**

NOW COMES the Plaintiff, Donald & Lori Proctor., (hereinafter referred to as "Plaintiff" or "Debtor"), and, by and through counsel, files his Complaint for Turnover of Property of the Estate pursuant to 11 U.S.C. § 542 against the Defendant, C.A.S.H Corp., d/b/a Credit Cars, (hereinafter referred to as "Defendant"), respectfully showing the Court the following:

1.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 157 and 1334.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3.

Pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, the Defendant, a Georgia corporation, may be served by first class mail, postage prepaid, to the registered agent for service; to wit, C.A.S.H. Corp. d/b/a Credit Cars, C/O John E McKinney, 2200 Browns Bridge Rd., Gainesville, GA 30501; Attorney of Record for C.A.S.H. Corp d/b/a Credit Cars, C/O Lefkoff, Rubin and Gleason, P.C., Andrew Gleason, Suite 900, Attorney 5555 Glenridge Connector, Atlanta, GA 30342.

## FACTUAL ALLEGATIONS

4.

Debtors' filed a Chapter 13 on September 26, 2009.

5.

On or about September 29, 2009, Debtors' 2003 Saturn L200 and 2001 Chevy Silverado were repossessed by C.A.S.H Corp. d/b/a Credit Cars.

6.

Plaintiff's attorney notified the defendant of the Chapter 13 case number via phone conversation and fax. Whereupon defendant still refused to release the vehicle.

## COUNT I.  TURNOVER

7.

Debtors repeat and realleges the allegations in paragraphs 1 through 6 and incorporates said allegations herein.

8.

Defendant remains in possession of the vehicle despite numerous attempts to recover the vehicle.

9.

Debtors need the vehicles returned so that they may have transportation to and from work and successfully complete this Chapter 13 reorganization plan.

10.

Despite repeated requests, Defendant refuses to return the vehicle.

11.

Debtor proposes to provide Defendant with adequate protection against damage and/or depreciation of the vehicle as follows:

(a) by funding the debt owed to Defendant through the Chapter 13 plan as an allowed secured claim,

(b) by maintaining full and comprehensive insurance coverage upon the

vehicle, and

    (c)    by paying $100 in repossession fees up front.

WHEREFORE, Plaintiff respectfully prays for the following relief:

    (a)    That Judgment be granted in his favor against Defendant requiring turnover under the terms and conditions of adequate protection as outlined hereinabove;

    (b)    for such other and further relief as is just.

**PERROTTA & CAHN, P.C.**

Brian R. Cahn
Attorney For Plaintiff
Georgia Bar No. 101965

5 South Public Square
Cartersville, GA 30120
(770) 382-8900